UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| **DENISE A. LOWERY-SANFORD,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | |
| ) | Case No. 10-2270 |
| **COMMISSIONER OF SOCIAL** ) | |
| **SECURITY, sued as Michael J. Astrue,** ) | |
| **Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |

# O R D E R

On February 15, 2012, the Court granted Plaintiff's Motion for Summary Judgment or Remand (#19) and denied Defendant's Motion for an Order Affirming the Commissioner's Decision (#22). On February 16, 2012, a Judgment (#25) was entered consistent with the Court's rulings. The case was remanded for further proceedings pursuant to 42 U.S.C. 405(g), Sentence 4. Thereafter, Plaintiff, Denise A. Lowery-Sanford, as the prevailing party, filed Plaintiff's Application for Attorneys' Fees Under the Equal Access to Justice Act and for Entry of Final Judgment (#26). Defendant has filed written opposition.

Plaintiff claims that she is entitled to an award of attorneys' fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2142 because she is a financially eligible prevailing party in a case where the position of the Defendant was not "substantially justified." The motion contains recitations and attachments related to the fees claimed. Defendant challenges Plaintiff's claim of entitlement to recover fees. In addition, Defendant challenges the amount of the fees claimed. The latter challenge is based upon Defendant's assertion that the fees claimed are "excessive and unreasonable." Because the Court's determination regarding the first challenge resolves the matter, the second challenge will not be addressed.

In ruling in favor of Plaintiff, the Court found fault with the credibility assessment made by the Administrative Law Judge (ALJ). At the hearing in which the decision was announced, the Court quoted the ALJ's brief, conclusory discussion regarding credibility. The Court went

on to conclude that the ALJ's credibility determination effectively lacked any explanation and directed Defendant to reassess Plaintiff's credibility on remand.

The Court also found fault with the ALJ's physical RFC conclusion. The Court pointed out that the ALJ's discussion of the evidence supporting his determination amounted to only two statements. The ALJ noted that none of the Plaintiff's treating physicians had completed a physical RFC assessment, and that he, therefore, relied upon the opinions of "State agency medical consultants and other program physicians"to determine Plaintiff's physical RFC (R. 18). The ALJ provided no further detail. The Court also pointed out that none of the records discussed referenced Plaintiff's ability to lift, carry or reach. Nor did they reference postural limitations, environmental limitations, or any other matters that an ALJ may properly consider in making an RFC determination. Ultimately, the Court found itself unable to determine the basis for the RFC determination. As a result of the failure to articulate a basis, the Court was unable to review the ALJ's RFC determination.

Defendant attempted to shore up the inadequate articulation by arguing that the ALJ's RFC finding was more restrictive than any medical opinion in the record. Defendant argued that Plaintiff had not identified evidence that would require even greater restrictions. While the Court did not necessarily disagree, it considered the argument an invitation to the Court to review the record and make its own factual determinations. As noted in the hearing, the Court declined the invitation.

It is noteworthy that in announcing its decision, the Court pointed out its opinion that there very well may be substantial evidence in the record supporting the ALJ's RFC determination. However, the Court noted that when a decision "is so poorly articulated as to prevent meaningful review, the case must be remanded." *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002).

The remand was necessitated by the failure to adequately articulate. It may well be that the ALJ reached a sustainable conclusion. The articulation deficiencies precluded meaningful review. In *Cunningha v. Barnhart*, the Seventh Circuit addressed problems with articulation noting: "The requirement that the ALJ articulate his consideration of the evidence is deliberately flexible . . . . That the ALJ failed to meet this articulation requirement in no way necessitates a finding [that] the Secretary's position was not substantially justified. (citations omitted)." *Cunningham v. Barnhart*, 440 F.3d 862, 865 (7th Cir. 2006).

The Court in *Cunningham* went on to say, "We have no trouble concluding the Commissioner's position was substantially justified, even though the ALJ was not as thorough in his analysis as he could have been." *Id*.

This Court has reached the same conclusion in the present case. The articulation deficiencies noted do not lead to the conclusion that the Commissioner's position was not substantially justified. Accordingly, Plaintiff is not entitled to recover fees under the EAJA. Plaintiff's Application for Attorneys' Fees Under the Equal Access to Justice Act and for Entry of Final Judgment **(#26)** is **DENIED.**

ENTERED this 19th day of July, 2012.

                                                          s/DAVID G. BERNTHAL
                                           UNITED STATES MAGISTRATE JUDGE